IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO.** |
| **Kevin Presto** | § | 06-33618 |
| **DEBTOR** | § | |

**MEMORANDUM OPINION ON THE MOTION OF THE OFFICIAL EMPLOYMENT-RELATED ISSUES COMMITTEE OF ENRON CORP. TO COMPEL KEVIN PRESTO TO ANSWER DEPOSITION BY WRITTEN QUESTIONS**

This Memorandum Opinion addresses a single issue: if a motion to compel discovery fails to contain a certification required by Rule 37(a)(2)(A), should the motion be dismissed?

**I.
PROCEDURAL BACKGROUND AND FINDINGS OF FACT**

1. Kevin Presto (the Debtor) filed a Chapter 7 Petition on July 31, 2006 (Docket No. 1).

2. On December 5, 2006, the Official Employment-Related Issues Committee of Enron Corp. (the Committee) filed a Motion to Compel Kevin Presto to Answer Deposition by Written Questions (Docket No. 54).

3. On December 8, 2006, the Debtor, through his counsel, filed a Response and Objection to the Committee's Motion to Compel (Docket No. 62). In this Response, one of the arguments that the Debtor asserts is that the Motion to Compel should be denied because the Motion did not contain a certificate of conference required by Federal Rule 37(a)(2)(A), which is made applicable by Federal Bankruptcy Rule 7037.

1

4. On December 13, 2006, the Committee's counsel filed a Supplemental Certification of Conference (Docket No. 67).

5. On December 13, 2006, a hearing was held on the Motion to Compel, and two witnesses testified; most of the testimony came from the Debtor. After the Committee's counsel completed putting on her case in chief, counsel for the Debtor orally moved for a directed verdict on the grounds that the Motion to Compel failed to comply with Rule 37(a)(2)(A). The Court continued the hearing until 1:30 p.m. December 19, 2006.

## II.
## CONCLUSIONS OF LAW

1. Federal Rule 37(a)(2)(A) reads as follows:

   > If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. <u>The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action</u>. (emphasis added)

2. There is no question that the Committee's Motion to Compel contains no Certificate of Conference at the end of the Motion (which is typically where the certification is found). At the hearing, however, counsel for the Committee argued that Rule 37(a)(2)(A) does not expressly require that the certification be in the form of a certificate of conference at the end of the Motion. She argued that the certification may be incorporated in the body of the Motion. Counsel then referred the Court to paragraph 7 of the Motion to Compel and asserted that the language in this paragraph constitutes the requisite certification.

3. The Court agrees with the Committee's counsel that Rule 37(a)(2)(A) does not require that the certification be in the form of a Certificate of Conference at the end of the Motion. Frankly, the Court would prefer that the Rule contain such an express requirement because it would be easy for everyone to quickly determine whether the movant has complied with the certification requirement: all one would have to do is turn to the end of the Motion and look for the certificate of conference; there would be no need to rummage through the body of the motion to locate the certification. However, because the Rule does not expressly impose such a requirement, this Court concludes that the certification may be included in the body of the Motion.

4. The Court disagrees with the Committee's counsel that paragraph 7 of the Motion to Compel constitutes the requisite certification. Paragraph 7 reads as follows:

> On Monday, November 27, 2006, the undersigned pointed out to counsel for Kevin Presto serious flaws in Kevin Presto's responses to the deposition questions (described in more detail in paragraphs 14 and 15 below).

5. Paragraph 7 sets forth that the Committee's counsel has informed the Debtor's counsel that, in her view, the Debtor's responses are deficient. There is no mention at all that the Committee's counsel has in good faith conferred with Debtor's counsel in an effort to secure the requisite responses without coming to this Court.

6. At least two courts have denied motions to compel due to the failure of movant's counsel to include the required certification language. In *Ross v. City Financial, Inc.*, 203 F.R.D. 239 (S.D. Miss. 2001), the motion to compel failed to include a certification that the movant conferred in good faith to secure certain discovery responses. In denying the motion to compel, the District Court stated that:

> This prerequisite is not an empty formality. On the contrary, it has been the Court's experience that obliging attorneys to certify to the Court that they conferred in good faith results, in a large number of cases, in resolution of discovery disputes by counsel without intervention of the Court. Thus, the requirement of a certificate cannot be satisfied by including with the motion copies of correspondence that discuss the discovery at issue. *Id.* at 240.

7. In *In re Lentek International, Inc.*, 2006 Bankr. LEXIS 2530 (Bankr. M.D. Fla.), the motion to compel contained the following certification language: "The undersigned counsel has conferred with opposing counsel in an effort to resolve the matter or narrow the issues prior to filing this motion. The issues have been narrowed, but it is not clear that all maters [sic] have been resolved." *Id.* at *2. The bankruptcy court held that this language did not pass muster: "Here, the certification filed by the movant/defendant is deficient in that it fails to indicate whether the discussions between the parties have conclusively ended in an impasse leaving an open issue for the Court's determination." The Court then articulated the policy reason for requiring the certification:

> Pleadings filed in connection with discovery issues are a final option to be pursued only when negotiations fail and should never be used to raise any discovery issue for the first time. The Court expects parties to do just as the federal rules require - - confer on all open issues prior to filing any request for court action. The Court is more than willing to resolve legitimate disputes between the parties when appropriate. Certainly, parties can disagree on the completeness of a discovery response. However, the Court will not consider such disputes until the parties have attempted and been unable to resolve them. *Id.* at *4.

The Court then denied the Motion to Compel.

3

8. This Court agrees with the holdings in *Ross* and *Lentek*. It is vitally important that counsel confer with one another in good faith, and so represent to the Court, before taking up court time. Here, the Committee's counsel represented in the Motion to Compel that she had "pointed out to counsel for Kevin Presto serious flaws in Kevin Presto's responses to the deposition questions." Unilaterally identifying flaws does not equate to conferring with the Debtor's counsel to determine if a resolution can be reached before filing a motion to compel. According to Webster's Dictionary, the word "confer" means "to compare views." Thus, merely pointing out that there are flaws in the answers is insufficient. One must give opposing counsel the opportunity to express his/her view about the discovery responses; and then both counsel must "compare views" and have a discussion in an attempt to resolve their differing views before coming to court. That is why Rule 37(a)(2)(A) requires a "good faith" conference. It is the absence of such a certification in the Committee's Motion to Compel that leads this Court to conclude that the Committee has failed to comply with Rule 37(a)(2)(A).

9. The Committee's filing of a Supplemental Certification of Conference on the day of the hearing does not change this Court's decision. First, nowhere in this Supplemental Certificate does the Committee's counsel certify that she has <u>in good faith</u> conferred with the Debtor's counsel in an effort to secure the necessary disclosure without going to court. Rather, she has made several representations that she has "cooperated in discovery by agreeing to extend deadlines" and "cooperated in discovery by first conferring with Debtor's counsel prior to seeking relief from this Court;" and she refers this Court to e-mails that she sent to Debtor's counsel. This certification simply does not rise to the level of the good faith certification required by Rule 37(a)(2)(A): generic statements about being cooperative in discovery are not the same as a specific statement that the Movant's counsel conferred in good faith with opposing counsel about the answers given by the Debtor. Moreover, as the Court in *Ross* noted, this Court should not have to refer to written correspondence between counsel to conclude that the good faith requirement has been met. *Ross*, 203 F.R.D. at 240. As the *Ross* court noted, the language used in Rule 37(a)(2)(A) is "a simple requirement and should be utilized." *Id.*

### III.
### CONCLUSION

If a party is going to accuse an opposing party of failing to comply with a Rule—and this is exactly what the Committee alleges about the Debtor—then the moving party itself must comply with the relevant rule.[1] The Committee has failed to do so in this instance. Accordingly, the

---

[1] The Fifth Circuit would seem to agree. *See, e.g., Greer v. Bramhall*, 77 Fed. Appx. 254, 255 (5th Cir. 2003) ("Greer's motion to compel did not contain the required certification that he had 'in good faith conferred with the party failing to make the discovery.' Consequently, Greer was not prejudiced [by] the district court's failure to rule on the motion to compel prior to granting summary

4

Committee's Motion to Compel is denied. The Committee and its counsel shall be jointly and severely liable for the additional expenses incurred by the Debtor for having to fly from Denver to Houston for the hearing ($180.00) and for the reasonable attorney's fees and costs incurred by the Debtor in defending against this Motion. The Court will determine the amount of these fees and expenses at the continued hearing scheduled to be held at 1:30 p.m. on December 19, 2006.

Neither party should construe this ruling as any indication of the Court's views on the underlying merits of the Motion to Compel or on the credibility of the witnesses who testified at the hearing held on December 13, 2006. The Committee's Motion is denied without prejudice. If the Committee files another Motion to Compel, and a hearing is held thereon on the same or some of the same issues raised at the December 13 hearing, then this Court reserves the right to make findings of fact and conclusions of law based upon the exhibits introduced and the testimony adduced at the December 13 hearing.

A separate Order consistent with this Memorandum Opinion will be entered on the docket simultaneously with the entry on the docket of this Memorandum Opinion.

Signed this 15th day of December, 2006.

Jeff Bohm
U.S. Bankruptcy Judge

cc: (1) Annie E. Catmull
via telecopy (713) 654-8818

(2) Michael G. Colvard
via telecopy (210) 227-7924

(3) David N. Ziegler
via telecopy (713) 877-1795

---

judgment to Bramhall.")

5